Phillip J. Eskenazi (State Bar No. 158976)
peskenazi@HuntonAK.com
Alexandrea H. Young (State Bar No. 233950)
ayoung@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
ORCHARD SUPPLY COMPANY, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MISSION VIEJO FLORIST, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORCHARD SUPPLY COMPANY, LLC, a North Carolina limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  8:16-cv-01841-CJC-(KESx)<br><br>**OPPOSITION OF DEFENDANT ORCHARD SUPPLY COMPANY, LLC TO PLAINTIFF MISSION VIEJO FLORIST, INC.'S APPLICATION FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE**<br><br>Complaint Filed:      September 27, 2016 |

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

**TABLE OF CONTENTS**

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  MVF'S REQUEST TO DISMISS THIS ACTION WITHOUT PREJUDICE SHOULD BE DENIED ...................................................................2

    A.   Orchard's Legal Interests Would Be Prejudiced By A Dismissal Without Prejudice ...................................................................................3

        1.   Orchard Has Obtained Significant Legal Victories ........................3

        2.   Orchard Has Expended Significant Time, Resources And Expense In Preparing For Trial ........................................................5

        3.   Orchard Would Lose Its Right To A Federal Forum If The Court Dismissed The Case Without Prejudice ........................6

    B.   MVF Has No Basis To Dismiss Without Prejudice And Is Transparently And Improperly Attempting To Avoid Adverse Rulings ...................................................................................6

III. CONCLUSION .....................................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fischer v. Zespri Fresh Produce N. Am., Inc.*,
2007 WL 2385074 (E.D. Cal. Aug. 17, 2007) ........................................................3

*Infa-Lab, Inc. v. KDS Nail Int'l*,
2009 WL 161197 (E.D. Cal. Jan. 22, 2009) ..........................................................7

*In re Exxon Valdez*,
102 F.3d 429 (9th Cir. 1996) ..................................................................................5

*Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*,
299 F. App'x 664 (9th Cir. 2008) .................................................................*passim*

*McKee v. Bodnar*,
2013 WL 5316137 (E.D. Wash. Sept. 18, 2013) ...................................................5

*Roybal v. Equifax, et al.*,
2006 WL 988537 (E.D. Cal. Apr. 14, 2006) .........................................................6

*Russ v. Standard Ins. Co.*,
120 F.3d 988 (9th Cir. 1997) ..................................................................................8

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
889 F.2d 919 (9th Cir. 1989) ..................................................................................2

*Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*,
28 F. Supp. 2d 989 (E.D. Va. 1998) ......................................................................7

*Terrovona v. Kincheloe*,
852 F.2d 424 (9th Cir. 1988) ............................................................................3, 4

*Thompson v. Janssen Pharm., Inc.*,
2017 WL 5135548 (C.D. Cal. Oct. 23, 2017) ...................................................3, 7

*Troupe v. Kapa*,
2015 WL 9487865 (W.D. Wash. Nov. 19, 2015) ..................................................7

*United States v. Berg*,
190 F.R.D. 539 (E.D. Cal. 1999) ...........................................................................3

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

ii

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

*Westlands Water Dist. v. United States*,
    100 F.3d 94 (9th Cir. 1996) ...................................................................................2, 3

*White v. Donley*,
    2008 WL 4184651 (C.D. Cal. Sept. 4, 2008) ........................................................4, 7

**Other Authorities**

Federal Rule of Civil Procedure 41 ...............................................................2, 4, 7

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION
FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

## I. **INTRODUCTION**

At the February 28, 2019 hearing on Defendant Orchard Supply Company, LLC's ("Orchard") Motion *in Limine* No. 1 to exclude the testimony of Plaintiff Mission Viejo Florist, Inc.'s ("MVF") damages expert, the Court granted the Motion and declined MVF's request to dismiss the case without prejudice. Instead, the Court laid out a path forward that considered the fairness to both parties and issued an order directing Orchard to file a motion for summary judgment by March 18 on the ground that MVF has no evidence of damages, which is an essential element of its claims. [Dkt. 144]. The spirit of the hearing, moreover, was that the parties should take this time and see if they can settle this case for a "modest amount" in light of the Court's ruling on Orchard's Motion *in Limine* No. 1 and the amount that will need to be spent on summary judgment papers. In fact, immediately after the February 28 hearing, MVF's counsel represented to Orchard's counsel that he would speak with his client and present a settlement demand later that day. But MVF's counsel did not do so, or communicate with Orchard's counsel in any way – instead, he surprisingly filed this Application for a dismissal of the case without prejudice (and has ignored Orchard's communications). Declaration of Phillip J. Eskenazi ("Eskenazi Decl.") at ¶2.

Contrary to the Court's Order, and in disregard of the spirit of the hearing, MVF once again asks the Court to dismiss this action without prejudice; but there is no appropriate basis to do so. On the literal eve of trial, MVF simply wants a "do over." Dissatisfied with how this lawsuit unfolded, MVF wants to try again in state court. Indeed, MVF is seeking to avoid the case-determinative, favorable rulings that Orchard has obtained over more than two years of vigorous litigation, while simultaneously ramping up its attempt to drag Orchard into the state court litigation it has been engaged in with landlord CP Marguerite MV, LLC ("Landlord") for over two years. Tellingly, on the same day it filed its Application to dismiss here, MVF opposed Orchard's motion to dismiss or stay MVF's state court lawsuit, evidencing its

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

clear intent to vigorously pursue Orchard in that case.[1]   Under clear Ninth Circuit authority, this is precisely the scenario where a motion to dismiss without prejudice should be denied (in fact, the cases cited below denying requests for dismissal without prejudice concerned facts far less egregious than here).  It would result in plain legal prejudice to Orchard.  Accordingly, as there is no basis to grant MVF's Application, Orchard respectfully requests that this Court deny MVF's request (again).

## II.   MVF'S REQUEST TO DISMISS THIS ACTION WITHOUT PREJUDICE SHOULD BE DENIED

MVF's "Application"[2] is a plain attempt to escape the rulings of the Court that are advantageous to Orchard, and Orchard would be unduly prejudiced if it were denied the legal interests it gained through those rulings.  The purpose of Federal Rule of Civil Procedure 41(a)(2), and its requirement that a Court approve a plaintiff's request to dismiss without prejudice, is to ensure "the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

Therefore, the test in the Ninth Circuit is that a court should deny a motion to dismiss without prejudice brought under Rule 41(a)(2) if the defendant would suffer plain legal prejudice as a result of the dismissal.  *Westlands Water Dist. v. United*

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

---

[1] Moreover, MVF painted a very misleading picture to the state court judge, indicating that there was effectively no more prior federal case asserting the same claims because the federal court (*i.e.*, this Court) has vacated the trial date and is considering MVF's request for dismissal without prejudice.  Eskenazi Decl. ¶7, Exh. B at p. 5.  MVF did not indicate to the state court that Orchard just prevailed in excluding the testimony of MVF's damages expert, which caused the Court to vacate the trial date, and that this Court directed Orchard to file a motion for summary judgment, having already declined to dismiss the case without prejudice. *Id*.

[2] MVF continues to disregard the rules.  MVF should have made its request by way of a properly-noticed motion, engaged in a pre-filing conference of counsel and filed motion papers that provide a hearing date.  Fed. Rule Civ. Proc. 41(a)(2); Local Rules 7-3 through 7-7.

2

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION
FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*States*, 100 F.3d 94, 96 (9th Cir. 1996).  Plain legal prejudice occurs if Orchard would be prejudiced as "to some legal interest, some legal claim, some legal argument." *Id.* at 97.  Factors to consider in making this determination are: (1) "[t]he fact that summary judgment has been filed by the defendant"; (2) "[i]nsufficient explanation of the need to take a dismissal"; (3) "[t]he defendant's effort and expense involved in preparing for trial"; and (4) "[e]xcessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." *See, e.g.*, *Thompson v. Janssen Pharm., Inc.*, 2017 WL 5135548, at *5 (C.D. Cal. Oct. 23, 2017); *Fischer v. Zespri Fresh Produce N. Am., Inc.*, 2007 WL 2385074, at *8-9 (E.D. Cal. Aug. 17, 2007); *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).  Another factor courts have considered is "[t]he loss of a federal forum." *Westlands Water Dist.*, 100 F.3d at 97 (9th Cir. 1996). Further, and certainly applicable here, "a district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).  These factors overwhelmingly demonstrate a clear legal prejudice to Orchard and an improper motive on the part of MVF.  MVF's request should, therefore, be denied.

### A. <u>Orchard's Legal Interests Would Be Prejudiced By A Dismissal Without Prejudice</u>

#### 1. *Orchard Has Obtained Significant Legal Victories*

Orchard has obtained significant legal victories in this action and a dismissal without prejudice would unfairly prejudice Orchard by denying it the rulings it fought for and won (at significant expense).  Not only did Orchard *file* a motion for summary judgment – a factor weighing against dismissal without prejudice – it has already *won* partial summary judgment with the Court ruling that MVF was not entitled to disgorgement of Orchard's profits or restitution under its now-abandoned Section 17200 claim.  *See* Order [Dkt. 111].  Furthermore, Orchard filed four Motions *in*

3

*Limine* and succeeded on all of them. *See* Orders [Dkt. 144; Dkt. 145]. The Court's granting of Orchard's Motion *in Limine* No. 1 seriously undermines MVF's entire case as MVF is only seeking lost profits, and it is now unable to present any expert testimony on lost profits since its expert was excluded under *Daubert* and Federal Rule of Evidence 702. As the Court has recognized, this is a substantive and determinative win for Orchard.

Orchard's legal victories have been dispositive on significant legal issues in the case, weighing heavily against dismissal without prejudice. Indeed, the cases that addressed dispositive rulings usually only were when they were ***pending***, and even in those circumstances, the courts found that dismissal without prejudice was prejudicial to the defendant and inappropriate. *See, e.g.*, *White v. Donley*, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("dismissal at this late stage would circumvent Defendant's pending claim-dispositive motion," and "[d]ismissing the claims without prejudice would harm Defendant's legal interest in the timely final adjudication of Plaintiff's long-pending claims."); *Terrovona*, 852 F.2d at 429 ("[S]ince the magistrate had already issued his report and recommendation [on defendant's motion for summary judgment] when the motion [to dismiss] was filed, the district court's refusal to use its discretion to dismiss the petition under Fed.R.Civ.P. 41(a)(2) is reasonable.").

Here, Orchard has already ***obtained*** rulings in its favor that have fundamentally altered the legal landscape of this case. It is clear that MVF simply wants to escape the outcome-determinative rulings it has received here and start anew in another court. Rule 41(a)(2) and case law do not allow such antics. Dismissal at this juncture is wholly prejudicial to Orchard's legal interests and inappropriate.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

### 2.   *Orchard Has Expended Significant Time, Resources And Expense In Preparing For Trial*

Orchard would also suffer prejudice if the Court granted dismissal without prejudice because the action has been pending for over two years, the parties have engaged in significant discovery and have prepared for a trial that was to begin in just over a week.  Eskenazi Decl. at ¶¶3-4.  And as discussed above, Orchard has obtained partial summary judgment and a ruling on a Motion *in Limine* that completely eradicates MVF's ability to prove damages – an essential element of its remaining claims.

Courts within the Ninth Circuit have found legal prejudice at far earlier stages in the litigation and where summary judgment motions had been filed and not yet decided.  *In re Exxon Valdez*, 102 F.3d 429, 431–33 (9th Cir. 1996) (finding plain legal prejudice where the "parties have already engaged in discovery and motions to compel, parties have been dismissed…, a summary judgment motion was filed and stricken without prejudice for later filing, and numerous motions for recusal and for extension have unnecessarily burdened counsel and this Court."); *McKee v. Bodnar*, 2013 WL 5316137, at *2 (E.D. Wash. Sept. 18, 2013) (finding plain legal prejudice and denying motion to dismiss without prejudice where "the case has been pending for over a year, Defendants have produced over 1,200 pages in discovery, numerous motions have been filed and resolved, Plaintiff has failed to offer a sufficient explanation of his need to take a dismissal, and Defendants have filed a lengthy summary judgment motion addressing Plaintiff's claims.").

Here, the parties have completed fact discovery (including taking the deposition of seven fact witnesses), have completed expert discovery (including the exchange of written expert reports and taking the deposition of three expert witnesses), and have filed *all* pretrial documents:  Memorandum of Contentions of Fact and Law, a Statement of the Case, Witness Lists, a Joint Exhibit List, proposed Jury Instructions,

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

proposed Special Verdict Forms and a proposed Final Pretrial Conference Order. Eskenazi Decl. ¶¶3-4; [Dkt. 127, 129, 136, 137, 138, 139, 140, 141, 142-1, 143]. Thus, a dismissal without prejudice would result in plain legal prejudice to Orchard as a result of the significant time, resources and expense expended in litigating this case and preparing for trial.

### 3.   *Orchard Would Lose Its Right To A Federal Forum If The Court Dismissed The Case Without Prejudice*

Should the Court grant MVF's request, Orchard would be further prejudiced as it would lose its right to a federal forum.  Orchard properly removed this case to federal court at the inception of the case, and this Court continues to have diversity jurisdiction over this action.  There is no basis to allow MVF to try to divest this Court of its jurisdiction in an attempt to get a "do over" and start again in state court, which MVF plainly intends and hopes to do.  MVF made a conscious decision two years ago to file this separate action against Orchard, despite the already-pending lawsuit with its Landlord.  But with the benefit of hindsight, and dissatisfied with how this case has unfolded, MVF is attempting to name Orchard as a "Doe" in its state court action it has been litigating in parallel against Landlord (trying to belatedly defeat removal). Eskenazi Decl. ¶5.  The loss of a federal forum creates yet additional legal prejudice to Orchard.  *Roybal v. Equifax, et al.*, 2006 WL 988537, *2 (E.D. Cal. Apr. 14, 2006) (denying plaintiffs' motion for voluntary dismissal because it would have "deprive[d] [d]efendants of the federal forum they ha[d] elected," and the case was "well underway.").

### B.   <u>MVF Has No Basis To Dismiss Without Prejudice And Is Transparently And Improperly Attempting To Avoid Adverse Rulings</u>

MVF has not provided *any* acceptable explanation as to why it is seeking a dismissal without prejudice at this late stage in the litigation.  In fact, the timing of its request overwhelmingly indicates an improper attempt to avoid the adverse rulings of

6

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION<br>FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

this Court, which mandates denial of MVF's Application. "The mere temporary avoidance of a claim-dispositive motion is not a legitimate reason to seek dismissal of those claims without prejudice; indeed, the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White*, 2008 WL 4184651, at \*3; *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998) ("plaintiff's attempt to use a Rule 41(a) non-prejudicial dismissal to avoid the consequences of an adverse ruling [excluding its expert witnesses] resulting from its lack of diligence in discovery is a decisive factor weighing against non-prejudicial dismissal.").

Multiple courts within the Ninth Circuit have rejected similar transparent attempts by plaintiffs to circumvent adverse rulings. *See Maxum Indem. Ins. Co.*, 299 F. App'x at 666 (affirming denial of motion for dismissal without prejudice where the motion was made shortly after the court had indicated how it planned to rule on a dispositive motion); *Thompson*, 2017 WL 5135548, at \*5 (finding motion for dismissal without prejudice filed shortly before the deadline for defendant's motion for summary judgment raised "the inference that Plaintiffs' motion might have been motivated by a desire to, in Defendants' words, 'avoid an imminent adverse ruling by way of [D]efendants' summary judgment motion and also avoid the consequence of their failure to serve expert disclosures.'"); *Troupe v. Kapa*, 2015 WL 9487865, at \*3 (W.D. Wash. Nov. 19, 2015), *report and recommendation adopted*, 2015 WL 9478130 (W.D. Wash. Dec. 29, 2015) (finding plain legal prejudice where the motion to dismiss was clearly an attempt to avoid discovery and the defendants had spent two and a half years and substantial amounts of money to obtain that discovery); *Infa-Lab, Inc. v. KDS Nail Int'l*, 2009 WL 161197, at \*1–2 (E.D. Cal. Jan. 22, 2009) (finding the defendant would "suffer plain legal prejudice by plaintiff's voluntary dismissal [where] Defendant has expended considerable effort to defend against this action, and dismissal at this late stage of the litigation would improperly circumvent his pending

7

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION
FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

dispositive motion."); *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) (finding plain legal prejudice and reversing order granting dismissal where motion to dismiss was an attempt "to cure an untimely demand for a jury trial."). MVF should not be granted another bite at the apple when Orchard has properly removed this case to federal court and proceeded to litigate this action vigorously under the federal rules.

     *Maxum Indem. Ins.* provides guidance here. In *Maxum Indem. Ins.*, the plaintiff moved for a dismissal without prejudice while a motion for summary judgment was pending. 299 Fed. App'x at 664. Just prior to plaintiff bringing its motion for dismissal, the court "had indicated to both parties how it planned to rule" on the summary judgment motion. *Id.* The Ninth Circuit affirmed the district court's decision to deny plaintiff's request to dismiss without prejudice and instead grant a dismissal *with* prejudice because it was clear "the plaintiff [was] requesting a voluntary dismissal to avoid a near-certain adverse ruling." *Id.* Similarly, at the February 28, 2019 hearing on Orchard's Motion *in Limine* No. 1, it was clear to everyone that excluding Deborah Dickson significantly altered MVF's case – so much so, that the Court vacated the trial date that was less than two weeks away. The Court encouraged the parties to talk settlement (which MVF inexplicably refuses to do) and then, as the Court "saw no damages here," **directed** Orchard to file a motion for summary judgment on the issue of no damages by March 18, 2019. [Dkt. 144]. Indeed, because the Court already declined MVF's request to dismiss this action without prejudice and issued an Order laying out the path forward, MVF's Application is particularly inappropriate. With the writing on the wall clear that MVF's case is near a certain end – and not in MVF's favor – MVF is engaging in pure gamesmanship to avoid it. Case law in this Circuit is definitive that MVF's attempt to circumvent a near-certain adverse ruling should not be allowed.

## III.   <u>CONCLUSION</u>

     Based on the foregoing, Orchard respectfully requests that the Court deny

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

8

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION
FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

MVF's Application For An Order Dismissing This Action Without Prejudice. Instead, this case should proceed as this Court has already ordered, with Orchard filing its motion for summary judgment on no evidence of damages by March 18, and a hearing on that forthcoming motion set for April 15.

Dated: March 5, 2019

**HUNTON ANDREWS KURTH LLP**
Phillip J. Eskenazi
Alexandrea H. Young

By:

/s/ Phillip J. Eskenazi
Phillip J. Eskenazi
Attorneys for Defendant
ORCHARD SUPPLY COMPANY, LLC

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

9

OPPOSITION OF DEFENDANT ORCHARD TO PLAINTIFF MVF'S APPLICATION FOR AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE